UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Mirapex Products Liability Litigation | 07-MD-1836 (MJD/FLN) |
| This document relates to: | |
| Maureen Sharon Anderson, | Civil No. 10-4395 (MJD/FLN) |
|         Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Boehringer Ingelheim Pharmaceuticals, Inc., et al., | |
|         Defendants. | |

_____

Plaintiff, *Pro Se*.
Scott A. Smith, Joseph M. Price & Steven J. Boranian for Defendants.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on March 25, 2011 on Defendants' Motion to Dismiss for Failure to State a Claim (Fed. R. Civ. P. 12(b)(6)) (ECF No. 9). The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, this Court recommends the motion to dismiss be **GRANTED**.

## I.   BACKGROUND

Defendants manufacture pramiprexole, a prescription drug sold under the name "Mirapex," the use of which Plaintiff alleges is causally connected to compulsive behaviors such as gambling. Plaintiff generally claims she was defrauded when Defendants deceived the Food and Drug Administration ("FDA"), health care providers, and patients about Mirapex's safety and its capacity to induce compulsive behavior. According to Plaintiff, Defendants had notice that Mirapex caused compulsive gambling at least as early as November 2004, but withheld this

information from the FDA, doctors, and the public, and falsely denied any link between Mirapex and gambling.

Among other theories advanced in her complaint, Plaintiff alleges multiple fraud-related claims. The instant motion pertains only to those counts sounding in fraud. Defendants now move to dismiss the following counts of Plaintiff's complaint: Count VI: Negligent Misrepresentation; Count VII: Fraudulent Misrepresentation; Count VIII: Fraudulent Concealment; and Count X: Civil Conspiracy to Defraud. The allegations with respect to each of these counts are nearly identical to those contained within complaints previously filed in other cases in this multi-district litigation. (*Compare* Compl., ECF No. 1 *with* 09-cv-807 Compl., ECF No. 1; 10-cv-485 Compl., ECF No. 1; and 10-cv-486 Compl., ECF No. 1.)

## II.   RELEVANT LEGAL STANDARD

In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts. *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). For the purpose of a motion to dismiss, facts in the complaint are assumed to be true. *In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 738 (8th Cir. 2002). Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions that are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and may not merely state legal conclusions. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must contain enough

facts to state a claim for relief that is "plausible on its face," and a claim has facial plausibility only when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 570; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plausibility standard is not akin to a "probability requirement," but it calls for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 129 S. Ct. at 1949.

In sum, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Where the court finds that the facts alleged "do not permit the court to infer more than the mere possibility of misconduct," the pleader is not entitled to relief. *Id.*, citing Fed. R. Civ. P. 8(a)(2).

### III.  LEGAL ANALYSIS

In order to survive the instant motion to dismiss, Plaintiff's fraud claims against Defendants must be facially plausible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The facts alleged must allow this Court to draw a reasonable inference that Defendants are liable to Plaintiff for the misconduct alleged. *Id.* Here, the facts alleged, even if assumed to be true, do not permit the Court to reasonably infer Defendants' liability to Plaintiff for fraud.

    A.    **Particularity Requirement of Rule 9(b)**

Rule 9(b) of the Federal Rules of Civil Procedure requires that "the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). According to the Eighth Circuit Court of Appeals, the Rule means a party must plead "such matters as the time, place and contents of false representations, as well as the identity of the person making the representation and what was obtained or given up thereby." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (internal citations and quotations omitted). A plaintiff

must ultimately plead the "who, what, where, when and how" of the fraud, because "conclusory allegations" will not suffice. *Id.* At the same time, Rule 9(b) is to be read "in harmony with the principles of notice pleading," so as to permit defendants to "respond specifically, at an early stage of the case, to potentially damaging allegations of immoral or criminal conduct." *Id.* Thus, the degree of particularity required in a given case depends on, among other things, the nature of the case and the relationship between the parties. *Id.*

Applying these standards, and relying upon the analysis previously set forth by the District Court in this multi-district litigation (07-CV-3654, ECF No. 257, Order, Nov. 9, 2007), as well as this Court's previous Reports and Recommendations, the Court finds that Plaintiff's complaint, standing alone, fails to plead fraud with sufficient particularity to meet the requirements of Rule 9(b) and survive the instant motion to dismiss.

**B.     The fraud-based claims must be dismissed for failure to state a claim.**

At present, the claims of fraud on Plaintiff and her health care providers are insufficient to satisfy Rule 9(b). Plaintiff merely alleges that she took Mirapex when she, or her doctors, reasonably relied on Defendants' false representations denying any link between Mirapex and compulsive gambling. Specific statements or omissions are not cited and neither is the person who relied upon them, nor whether the relying party was the prescribing physician or Plaintiff. These discrepancies force Defendants to conjecture as to whether any particular statements, omissions, or representations were relied upon. Defendants are unable to identify the specific representations and whether those representations were heard, seen, or relied upon at all. Absent compliance with Rule 9(b), therefore, Defendants cannot be expected to know the precise nature of the fraud to which they must respond. Accordingly, Defendants' motion to dismiss Plaintiff's fraud-based claims should be granted, but without prejudice. Plaintiff should be granted leave to amend her complaint to specify Defendants' alleged misrepresentations to her and to her health

care providers. The parties should be directed to meet and confer, in a joint effort to establish a mutually convenient schedule for such amendment.

To survive Defendants' motion to dismiss, Plaintiff's complaint must contain sufficient factual matter that, if accepted as true, would state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), quoting *Twombly*, 550 U.S. 544, 570. The complaint has facial plausibility only if it contains factual allegations that allow the Court to draw the reasonable inference that Defendants are liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949, citing *Twombly*, 550 U.S. at 556. Since the facts alleged by Plaintiff do not state the "circumstances constituting fraud" with particularity, Plaintiff's complaint fails to assert valid claims sounding in fraud. Thus, Defendants' motions to dismiss Plaintiff's fraud-based claims must be granted, and the following counts of Plaintiff's complaint must be dismissed without prejudice: Count VI: Negligent Misrepresentation; Count VII: Fraudulent Misrepresentation; Count VIII: Fraudulent Concealment; and Count X: Civil Conspiracy to Defraud.

## IV.   RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' Motion to Dismiss for Failure to State a Claim (Fed. R. Civ. P. 12(b)(6)) (ECF No. 9) be **GRANTED** and Counts VI, VII, VIII and X of Plaintiff's Complaint be **DISMISSED without prejudice**.


DATED: April 6, 2011                             s/ *Franklin L. Noel*
                                                 FRANKLIN L. NOEL
                                                 United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **April 20, 2011**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **April 20, 2011,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.